UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BIO TECH NUTRIENTS, LLC

      Plaintiff,

v.

JOHN H. KUNZ,

      Defendant.

2:10-cv-0896-LRH-RJJ

ORDER

      Before the court is defendant John H. Kunz's ("Kunz") motion to dismiss for improper venue or in the alternative to transfer venue. Doc. #14.[1] Plaintiff Bio Tech Nutrients, LLC ("Bio Tech") filed an opposition (Doc. #19) to which Kunz replied (Doc. #20).

**I.    Facts and Background**

      Bio Tech is a limited liability company incorporated in the State of Nevada and with its principal place of business in Nevada. Bio Tech is in the business of developing, manufacturing and selling fertilizer and other products for use in the agriculture and horticulture industries. Bio Tech's primary product is a fertilizer marketed and sold as BTN+.

      Defendant Kunz is a former co-managing partner of Bio Tech and former member of Bio Tech's board of directors who worked for Bio Tech from its inception until his resignation on

---

[1] Refers to the court's docketing number.

1   May 4, 2010. He currently resides in Idaho.

2   In 2005, Bio Tech, under the direction of Kunz borrowed large sums of money from non-party Allan S. Bird, and later, the Allan S. Bird Revocable Living Trust. The loan proceeds were used to fund Bio Tech's expansion of BTN+. Bio Tech defaulted on the loan allegedly because of Kunz's desire to cause the company to fail in order to create a more profitable entity using BTN+'s formula without the debt incurred to develop and perfect the formula.

On June 20, 2010, Bio Tech filed a complaint against Kunz in the District of Nevada alleging four causes of action: (1) deceptive trade practices; (2) breach of fiduciary duty; (3) misappropriation of trade secrets; and (4) tortious interference with business relations. Doc. #1. Thereafter, Kunz filed the present motion to dismiss for improper venue or in the alternative to transfer for convenience. Doc. #14.

**II.   Discussion**

   **A.  Improper Venue**

28 U.S.C. § 1391 provides in pertinent part that venue is proper: (1) in any district where a defendant resides if all defendants reside in the same state; (2) any district where a substantial part of the event giving rise to the claim arose; or (3) any district in which a defendant is subject to personal jurisdiction if there is no other district that may hear the claim. Once venue is challenged, the plaintiff bears the burden of showing the venue is proper. *RealNetworks, Inc.*, 291 F.Supp.2d 1157, 1160 (E.D. Cal. 2003) (citation omitted). If venue is improper, the district court shall, in the interest of justice, transfer a case to another district in which it could have been brought. 28 U.S.C. § 1406(a).

Kunz argues that venue is improper under 28 U.S.C. § 1391(a)(1) because he is a resident of Idaho and under 28 U.S.C. § 1391(a)(2) because Bio Tech has failed to allege that a substantial part of the events or omissions giving rise to the underlying causes of action occurred in the District of Nevada. Specifically, Kunz argues that the complaint fails to contain allegations of any

2

conversations Kunz engaged in with Bio Tech customer's while in Nevada, and any statements made in Nevada about defects in BTN+.

After reviewing the pleadings and documents on file in this matter, the court finds that Bio Tech has sufficiently alleged that venue is proper in Nevada. In its complaint, Bio Tech alleges that Kunz planned to take down Bio Tech by (1) making false statements regarding a defect in BTN+, (2) manufacturing and selling BTN+ using Bio Tech's proprietary formula, and (3) using Bio Tech's customer lists, client contact information, and other confidential information for his own benefit. *See* Doc. #1. Bio Tech's complaint alleges a pattern of behavior taken by Kunz in Nevada while he was a co-managing partner of Bio Tech in which he deliberately undertook actions which caused Bio Tech to default on a loan he insisted upon making and in cultivating client information to market his own production of BTN+ through a separate company that he solely controlled.

Specifically, Bio Tech alleges that while in Nevada, Kunz made representations to the other members of the board of directors that he was in the process of securing an investor for Bio Tech which would allow them to pay their loan obligations, but that he actually directed the investor into investing in his new company. Further, Bio Tech alleges that Kunz made statements regarding defects in BTN+ to Bio Tech employees and technicians in Nevada. Therefore, the court finds that Bio Tech has sufficiently alleged that a substantial part of the events underlying the causes of action occurred in Nevada and, as such, venue is proper. Accordingly, the court shall deny Kunz's motion to dismiss for improper venue.

**B.  Transfer Venue**

Even if venue is proper, the court may transfer any civil action to another district in which it could have been brought for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). In determining whether granting a motion to transfer is appropriate, the court weighs several nonexclusive factors including "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing

law, (3) the plaintiff's choice of forum, (4) the respective parties contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the difference in the costs of litigation between the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Kunz argues that even if the court finds that venue is proper in Nevada the action should still be transferred to Idaho pursuant to 28 U.S.C. § 1404(a) because the interest of justice and convenience of the parties favors transfer. Specifically, Kunz argues that a majority of anticipated witnesses, including Bio Tech personnel and customers, are located in Idaho and that a vast majority of anticipated discovery including his personal records and financial books are in Idaho.

Initially, the court notes that a plaintiff's choice of forum is entitled to considerable weight and the defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also*, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Based on the pleadings and documents on file in this matter, the court finds that Kunz has failed to meet his burden to show that the interest of justice and convenience of the parties and witnesses warrants transfer in this matter.

Additionally, the court finds that the remaining balance of *Jones* factors do not support transfer to Idaho. First, as some of the claims are based on Nevada statutes, the court finds that this court is more familiar with Nevada law than an Idaho court. Second, although there are anticipated witnesses in Idaho, there are also anticipated witnesses in Nevada including the majority of Bio Tech employees, many of the board of directors, and the managing partner, as well as the individual and trust who loaned Bio Tech substantial amounts of money for the development of BTN+. Further, Kunz repeatedly made trips to Nevada as a co-managing partner and member of the board of directors and has had substantial contacts with Nevada. Thus the court finds that

4

Nevada is the more convenient venue. Accordingly, Kunz's request to transfer venue shall be denied.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for improper venue or in the alternative to transfer venue (Doc. #14) is DENIED.

IT IS SO ORDERED.

DATED this 15th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5